| | |
|---|---|
| 1 | Randolph T. Moore (#120041) |
| 2 | rmoore@swlaw.com<br>Sarah M. Ayad (#315200) |
| 3 | sayad@swlaw.com<br>SNELL & WILMER L.L.P. |
| 4 | 600 Anton Blvd., Suite 1400 |
| 5 | Costa Mesa, California 92626-7689<br>Telephone: 714.427.7000 |
| 6 | Facsimile: 714.427.7799 |
| 7 | Attorneys for Defendant |
| 8 | FORD MOTOR COMPANY |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RALEIGH,<br><br>          Plaintiff,<br><br>     v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 10, inclusive,<br><br>          Defendant. | CASE NO. '17CV2035 LAB MDD<br><br>[*Originally filed in San Diego Superior Court; Case No.: 37-2017-00032529-CU-BC- CIL*]<br><br>**FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>Complaint filed:   August 31, 2017<br>Complaint served: September 5, 2017 |

TO THE CLERK OF THE ABOVE-TITLED COURT:

PLEASE TAKE NOTICE that that pursuant to 28 U.S.C. 1441(b), Defendant Ford Motor Company ("Ford") removes to this Court the state court action described below:

/ / /

/ / /

/ / /

# BACKGROUND

1.  The removed case is a civil action commenced in the Superior Court of California, County of San Diego, entitled *Ryan Raleigh v. Ford Motor Company*, Case No. *37-2017-00032529-CU-BC- CIL* ("the State Action"). The only Defendant named in this action is Ford. The Plaintiff filed this action on August 31, 2017, asserting breach of warranty claims under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) ("Song-Beverly Act") and fraudulent inducement claims. *See* Complaint.

# PROCEDURAL REQUIREMENTS

2.  Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the complaint on September 5, 2017. This Notice of Removal is therefore timely filed.

3.  Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of California, because this District embraces the place in which the removed action has been pending.

4.  Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings for the State Action in Ford's possession are contained in **Exhibit A**.

5.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Diego promptly after filing of same in this Court.

6.  Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7.  If any question arises as to the propriety of removing this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

/ / /

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, but not limited to, (i) lack of jurisdiction over person; (ii) improper venue and/or *form non conveniens*; (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join an indispensable party or parties; or (viii) any other procedural or substantive defense available under state or federal law.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11. Plaintiff alleges that he is entitled to relief under the Song-Beverly Act including: attorney's fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages. (Compl. ¶¶ 118-121). Plaintiff also seeks rescission of the purchase contract under the Song-Beverly Act. (Compl. ¶¶ 131, Prayer for Relief). Furthermore, Plaintiff seeks punitive damages. (*Id.,* Prayer for Relief).

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). In considering the amount in controversy, civil penalties

under the Song-Beverly Act are properly included in the calculation. *Hall v. FCA US, LLC*, No. 1:16-cv-00684-DAD-JLT, Slip Copy, WL 4445335, at *4 (E.D. Cal. Aug. 24, 2016); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). So too are attorney's fees "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language". *Sekula v. FCA Us LLC*, No. 1:17-cv-00460-DAD-JLT, Slip Copy, 2017 WL 3725931, at *4 (E.D. Cal. Aug. 30, 2017) (quoting *Galt G/G v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir, 1998). In addition, the amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

13. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

14. In the case at bar, the Plaintiff seeks both monetary and injunctive relief. This is a products liability case. Plaintiff alleges breach of express warranty and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*), and fraudulent inducement. (Compl. ¶¶ 107-156).

15. Plaintiff alleges that on or about April 10, 2013 he purchased a 2013 Ford Focus for $24,350.00,[1] and that the Powershift transmission is defective because it "consistently slips, bucks, kicks, jerks, harshly engages," among other alleged problems. (Compl. ¶¶ 8, 21). Plaintiff alleges that he took his Focus in for repairs on multiple occasions, and further alleges that the problems could not be repaired. (Compl. ¶¶ 72-75; 83).

---

[1] The calculation of vehicle price is made by adding the "Down Payment" and "Amount Financed," as represented in the Sales Contract. *See* Declaration of Randolph T. Moore ("Moore Decl."), attached as **Exhibit B**.

16. Based on the numbers provided in the Plaintiff's Sales Contract, as well as vehicle repair records in possession of Ford, if Plaintiff were to prevail on his Song-Beverly claims he would be awarded damages of at least $48,477.81, calculated as follows:

Purchase Price:          $24,350.00
Less Deduction for Use:  $8,190.73
                      =  $16,159.27 of Potential Actual Damages
Plus Civil Penalty (2 x Actual Damages): $32,318.54
                      =  $48,477.81 of Potential Damages Awarded

(Moore Decl. ¶¶ 6 – 10, **Exhibit B**; Cal. Civ. Code § 1793.2(d)(2)(B) – (C); § 1794(c)).

17. Civil penalties under the Song-Beverly Act are also properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). So too are reasonable estimates of attorney's fees. *Id.* at 1011.

18. The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $50,000. (Declaration of Spencer P. Hugret ¶¶ 5-6, attached as **Exhibit C**.)

19. The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Experts retained by plaintiffs in comparable cases related to the Ford DPS6 transmission have routinely sought punitive damages far in excess of $75,000, and more specifically, nine times the amount of actual damages (see, for example, the Declaration of Dr. Barbara C. Luna filed in *Cazares v. Ford Motor Company*, Case No. BC635153 in the Superior Court of California, County of Los Angeles (without exhibits) attached as **Exhibit D** at ¶ 71). In this case, the amount of punitive damages estimated using that calculation would be approximately $145,433.43 (based on the figure calculated in paragraph 16 above), far in excess of $75,000.

///

20. Notwithstanding the foregoing, in full settlement of this action and all of the claims therein, Ford hereby offers to pay Plaintiff the total sum of Seventy Five Thousand and One Dollars ($75,001.00), inclusive of any and all costs, attorneys' fees, and/or civil penalties, in exchange for each of the following: (1) the entry of a Stipulation of Dismissal of Plaintiff's action against Ford, with prejudice; and (2) the release of all past, present, or future claims for damages of any kind related to the Subject Vehicle. This offer shall remain open only for ten (10) days from the date of the service of this Notice of Removal on Plaintiff's counsel. If this offer is not accepted within the time prescribed above, it shall be deemed rejected, and cannot be given in evidence upon trial.

## DIVERSITY OF CITIZENSHIP EXISTS

21. The Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of the State of California (Compl. ¶ 2).

22. Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2016 Form 10-K filing, attached as **Exhibit E**; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

23. There is therefore diversity of citizenship between the Plaintiff, a citizen of California, and Ford, a citizen of Delaware and Michigan but not California.

## CONCLUSION

24. For the reasons set forth above, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §1441 because (i) it is a civil action pending within the jurisdiction of the United States District Court for the Southern District of California; (ii) it is between citizens of different

1  states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest
2  and costs.

4  Dated: October 4, 2017                    SNELL & WILMER L.L.P.

6                                             By: /s/ Randolph T. Moore
7                                                 Randolph T. Moore
                                                   Sarah M. Ayad
8                                                 Attorneys for Defendant
                                                   FORD MOTOR COMPANY